IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERMONT COX,<br>    Plaintiff,<br><br>v.<br><br>PA. DEPARTMENT OF<br>CORRECTIONS, *et al.*<br>    Defendants. | :<br>:<br>:<br>:   CIVIL ACTION NO. 23-CV-4814<br>:<br>:<br>:<br>: |

### MEMORANDUM

**BARTLE, J.**                                                                                          **DECEMBER 19, 2023**

Plaintiff Jermont Cox, a prisoner at SCI Phoenix, has filed this civil rights action seeking money damages against the Pennsylvania Department of Corrections ("DOC"), seven named employees of the DOC, and John Doe employees of the DOC due to lost personal property. Mr. Cox also seeks leave to proceed *in forma pauperis*. For the following reasons, the request to proceed *in forma pauperis* will be granted and the case will be dismissed.

**I.      FACTUAL ALLEGATIONS**[1]

Mr. Cox has named as defendants DOC Commissioner Dr. Laurel R. Harry, SCI Phoenix Superintendent Joseph Terra, Sgt. Thomas, Lt. Wright, Lt. Joleff, Lt. Heartless, CO Norton, and John Does. Harry and Terra are named in their official capacities only, while all other defendants are named in their official and individual capacities. He alleges that Lieutenants Wright, Joleff, and Heartless are supervisors of the internal security team at SCI Phoenix.

---

[1] The facts set forth in this memorandum are taken from Mr. Cox's Complaint (Doc. # 2), which consists of the court's preprinted form available to prisoners to file civil rights cases as well as additional handwritten pages. The court adopts the pagination assigned to the entire Complaint by the CM/ECF docketing system.

(Compl. at 6.)  CO Norton is a member of the security staff.  (*Id*.)  Sgt. Thomas is a property room sergeant in charge of storing and distributing inmate property.  (*Id*.)  Mr. Cox's claims arise from property he allegedly lost when he was transferred from "R-block population" to the Restricted Housing Unit ("RHU") in May 2023.[2]  (*Id*. at 6-7.)   He alleges he filed a grievance about his lost property due to a violation of DOC policy that occurred when his property was boxed and inventoried outside of his presence, but the grievance was rejected.  (*Id*. at 7; *see also id*. at 18-33 (grievance forms, requests to staff, grievance rejections about missing property).)  After being escorted out of the security office following an interview, Lt. Joleff directed his attention to a blue cart indicating it contained Mr. Cox's property from his cell.  (*Id*. at 7.)  Mr. Cox saw his tablet, television, fan, and radio.  (*Id*.)

On May 30, 2023, Mr. Cox received a DC-153 Inmate Personal Property Inventory.  (*Id*.)  The inventory sheet did not include his personal photographs and legal materials.  (*Id*.)  Someone wrote on the signature line "NATS" – meaning "not available to sign" – indicating Mr. Cox was not present during the inventorying of his property.  (*Id*.)  He asserts there was no reason he could not be escorted back to his original cell to inventory his property, and the DOC policy does

---

[2] Mr. Cox states that he was moved to the RHU due to a "802 ADM lock down." (Compl. at 7.)  He states he was questioned about and denied having a relationship with a female correctional officer while Heartless, Wright, and Joleff and another unknown official were present.  (*Id*.)  When asked further questions, Mr. Cox refused to answer "and it was stated 'you want to do it the hard way.'"  (*Id*.)  While he includes these allegations, Mr. Cox does not raise any claims about his assignment to the RHU.  To the extent he included the allegation about "the hard way" to assert a claim based on the verbal threat, that claim would not be plausible.  *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (holding that threats that inmate was a "marked man and that his days were numbered" did not state Eighth Amendment claim); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.").

not permit prison officials to inventory property in the absence of the inmate without justification.  (*Id*. at 8.)

On June 2, 2023, Mr. Cox was escorted to the property room to retrieve his legal documents and observed an unsealed brown record storage box and second unsealed box in a plastic trash bag.  (*Id*.)  He spoke with Sgt. Thomas concerning the condition of his property and missing property.  (*Id*.)  Mr. Cox alleges that this property was never properly packed, inventoried and stored pursuant to DOC policy.  (*Id*. at 9.)  He also alleges that property, including family photos, was discarded, thrown away, and are forever missing.  (*Id*.)

Mr. Cox seeks money damages for constitutional claims and asks that the court find the defendants negligent for their alleged violation of the DOC policy about inmate property.  (*Id*. at 3, 10.)

## II.    STANDARD OF REVIEW

The court will grant Mr. Cox leave to proceed *in forma pauperis.*[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory

---

[3] Because Mr. Cox is a prisoner, he must still pay the full amount of the filing fee for this case in installments as required by the Prison Litigation Reform Act.

allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Cox is proceeding *pro se*, the court construes the allegations of the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III. DISCUSSION

The court understands Mr. Cox to be asserting constitutional claims and a state law negligence claim based on his property loss. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official Capacity Claims

Mr. Cox has named all defendants, who are employees of the Commonwealth of Pennsylvania at the DOC or SCI Phoenix, in their official capacities. States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.[4] *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Pub. Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).

---

[4] In the caption of the form Complaint, Mr. Cox included "SCI Phoenix." To the extent he intended to sue the prison, that claim is also dismissed with prejudice as barred by the Eleventh Amendment. *See Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").

Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will*, 491 U.S. 58, 70-71. Eleventh Amendment immunity also precludes negligence claims. *See Brooks v. Beard*, 167 F. App'x 923, 926 (3d Cir. 2006) (*per curiam*) (noting, with regard to inmate's negligence claims, that "the state has expressly retained its Eleventh Amendment immunity for purposes of federal lawsuits.").

Additionally, our Court of Appeals has held that, where a claim is filed against state officials who were not directly involved in the activities that caused the alleged constitutional violation, but are instead named as defendants because of their positions in state government, they are deemed to be sued in their official capacities and thus entitled to Eleventh Amendment immunity. *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as their officials sued in their official capacities, are immune from suits filed in federal court. Accordingly, all official capacity claims are dismissed with prejudice.

### B. Claims Based on Grievances and Violations of DOC Policies

To the extent that Mr. Cox is asserting claims against prison officials based on the handling of his grievances, that claim is not plausible. Claims based on the handling of prison grievances fail because "[p]rison inmates do not have a constitutionally protected right to a grievance process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (*per curiam*); *see also Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (*per curiam*). Accordingly, the facts alleged by Mr. Cox about grievances do not give rise to a plausible basis for a constitutional

claim and thus any claim based on grievances will be dismissed with prejudice. *See also Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (*per curiam*) ("[B]ecause a prisoner has no free-standing constitutional right to an effective grievance process, [a prisoner] cannot maintain a constitutional claim . . . based upon his perception that [the defendant] ignored and/or failed to properly investigate his grievances." (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991))).

Also, as many courts have held, corrections officials cannot be held liable for constitutional violations merely by failing to conform to internal prison procedures. *Bowman v. Wetzel*, No. 20-135, 2020 WL 3258946, at *6 (W.D. Pa. June 16, 2020) (citing cases); *see also Curry v. McCann*, No. 18-5444, 2019 WL 77441, at *7 (E.D. Pa. Jan. 2, 2019) ("Even if Curry was asserting a claim against C.O. McCann based on this questioning, 'a prison's departure from the policies and procedures outlined in the facility's handbook does not, in and of itself, amount to a constitutional violation actionable under § 1983.'" (citing *Laufgas v. Speziale*, No. 04-1697, 2006 WL 2528009, at *7 n.7 (D.N.J. Aug. 31, 2006))). Thus, to the extent Mr. Cox attempts to assert a constitutional claim based on his assertion that prison officials violated an internal policy about prisoner property, that claim is also not plausible.

C.     **Constitutional Claim based on Property Loss**

A prisoner in Pennsylvania cannot state a constitutional claim based on the loss of his property. *See Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) ("'[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.'" (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984))); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*)

(explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property). Because Mr. Cox can assert a claim for his lost property under the Pennsylvania Tort Claims Act, any constitutional claim based on his property loss is not plausible.

### D. Negligence Claims

Because the court has dismissed Mr. Cox's federal claims, the court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any individual capacity state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship. *See Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972)

(stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Mr. Cox does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the defendants at SCI Phoenix or the DOC, which suggests that he and some, if not all, of the defendants may be Pennsylvania citizens. Accordingly, Cox has not sufficiently alleged that the parties are diverse for purposes of establishing the court's jurisdiction over any state law claims he intends to pursue.

## IV. CONCLUSION

For the foregoing reasons, the court will dismiss Mr. Cox's constitutional claims with prejudice and dismiss his negligence claim without prejudice for lack of subject matter jurisdiction. An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).